IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILLIP DAVIE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| VS. | § |  |
| | § | |
| NORTHSIDE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | **COMPLAINT** |
| | § | |
| Defendant. | § | |

## I. INTRODUCTION

(1) This is a proceeding for reinstatement, damages and injunctive relief to redress the deprivation of rights secured to Plaintiff by the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101 *et seq.* and/or the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§2601 *et seq.*

## II. JURISDICTION

(2) The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 28 U.S.C. §1331, 29 U.S.C. §2617, 28 U.S.C. §1343(a)(4) and 42 U.S.C. §12117(a).

## III. VENUE

(3) The unlawful employment practices alleged below were committed within the State of Texas. Accordingly, venue lies in the United States District Court for the Western District of Texas, under 28 U.S.C. §1391(b).

## IV. PARTIES

(4) The Plaintiff Phillip Davie is a citizen of the United States and a resident of the State of Texas. Plaintiff is a person entitled to protection pursuant to the provisions of 42 U.S.C. §12111, or alternatively or conjunctively, pursuant to 29 U.S.C. §2611(2)(A) to be treated as an employee within the meaning of the FMLA.

(5) The Defendant Northside Independent School District, hereinafter referred to as Defendant, is organized under the laws of the State of Texas, licensed to do business in the State of Texas, and engaged in public education, with a central office located in San Antonio, Texas. Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. §2611(4)(A) at all times relevant to this action. Furthermore, Defendant was the "employer" of Plaintiff within the meaning of 42 U.S.C. §12111(5)(A).

## V. STATEMENT OF FACTS

(6) At the time of termination of his employment, Plaintiff was employed by Defendant as an Electrician (G7) in San Antonio, Texas.

(7) Plaintiff was hired on or about August 1, 2001, as an Electrician (G3). He was promoted two times and attained the position of Electrician (G7).

(8) Plaintiff was diagnosed as Bi-polar on or about September 1, 2003.

(9) Plaintiff informed Defendant of his disability and the need for reasonable accommodations, in accordance with the ADA. Defendant never provided the reasonable accommodations, in accordance with the ADA. Instead, the supervisors in the Maintenance Department attempted to informally work with Plaintiff.

(10) On or about June 20, 2007, Plaintiff was approved for leave to have oral surgery. He suffered a reaction to the antibiotics, which caused a flare-up of his Bi-polar condition. Plaintiff continued on the approved leave.

(11) On July 1, 2007, a new FMLA time period began for Plaintiff.

(12) On or about July 18, 2007, Plaintiff suffered a severe injury to his shoulder, for which he requested FMLA leave. Defendant did not follow the procedures of the FMLA.

(13) Plaintiff was terminated effective September 13, 2007, prior to the end of 12 weeks of FMLA leave. Defendant claims Plaintiff exhausted all his available leave and was terminated pursuant to the established policies of the District. The reason for terminating Plaintiff is pretextual. Plaintiff was terminated due to his disability. The above actions, including the termination of Plaintiff, violated the ADA and FMLA.

## VI. DAMAGES

(14) As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered loss of income, including, but not limited to, past and future wages, benefits, expenses, pain and suffering, and compensatory damages, all to be specified at trial.

## VII. FIRST CAUSE OF ACTION

(15) Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of Paragraphs 1 through 14, inclusive, herein. In addition, Plaintiff alleges that Defendant unlawfully and discriminatorily terminated Plaintiff's employment on account of his disability and said action violates the provisions of the Americans With Disabilities

Act, as amended, 42 U.S.C. §12101 *et seq.*, justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, and compensatory damages against Defendant.

## VIII. SECOND CAUSE OF ACTION

(16) Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of Paragraphs 1 through 15, inclusive, herein. In addition, Plaintiff alleges that Defendant's unlawful actions violate the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 *et seq.* justifying an award, inter alia, of any and all damages, including liquidated damages, that he is entitled to under law against Defendant.

## IX. EXHAUSTION OF ADMINISTRATIVE REMEDIES

(17) Prior to filing this action, Plaintiff timely filed his written charge asserting disability discrimination with the Equal Employment Opportunity Commission ("EEOC") within the appropriate number of days. In conformance with the law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving his right to sue letter from the EEOC and within two years after Defendant willfully violated Plaintiff's rights under the ADA and FMLA.

## X. INJUNCTIVE RELIEF

(18) Plaintiff restates, realleges and reavers and herby incorporates by reference any and all allegations of Paragraphs 1 through 17, inclusive, herein. In addition, Plaintiff alleges that Defendant's discriminatory actions herein must be enjoined by this Court in order to force Defendant to comply with the law. It is suggested that the injunction be specific in enjoining Defendant and its' employees, agents and representatives.

(19) That this Court reinstate Plaintiff with full restoration of all rights, seniority and benefits.

(20) That this Court retain jurisdiction for five (5) years to make sure Defendant is complying with the law.

## XI.  PRAYER FOR RELIEF

(21) WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant:

    (a)    For a money judgment representing compensatory damages, lost wages, future wages, and other sums of money, including any and all benefits;

    (b)    For a money judgment representing liquidated damages for Defendant's willful violations of law;

    (c)    For a money judgment representing prejudgment interest, if applicable;

    (d)    Reinstatement and restoration of benefits upon conditions that Defendant and its' employees, agents and representatives comply with the law;

    (e)    That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary to supervise compliance with the ADA and FMLA provisions;

    (f)    For lost monies and damages pertaining to out-of-pocket expenses;

    (g)    For costs of suit, including an award of reasonable attorney's fees and expert fees; and

    (h)    For such other and further relief as may be just and proper.

## XII.  DEMAND FOR A TRIAL BY JURY

(22)  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                                Respectfully submitted,

                                LAW OFFICES OF
                                GAUL AND DUMONT
                                924 Camaron
                                San Antonio, Texas 78205
                                (210) 225-0685
                                (210) 320-3445 - Fax

                         By:  _____
                                MALINDA A. GAUL
                                State Bar #08239800
                                Attorney for Plaintiff